UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In re:

  LAWRENCE FRUMUSA
  LAND DEVELOPMENT, LLC,

       Debtor.

-----------------------------------------------------------

Case No. 09-21126-JCN
Chapter 7

## MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 363(b) AUTHORIZING THE SALE OF PROPERTY, OR IN THE ALTERNATIVE, TERMINATING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a) PURSUANT TO 11 U.S.C. §§ 362(d)(1) AND (d)(2)

Monroe Capital, Inc. ("Monroe"), as servicing agent for and on behalf of The Robert Morgan Limited Partnership III ("Morgan"), submits this Motion for an Order Authorizing the Sale of Property Pursuant to 11 U.S.C. § 363(b), or, In the Alternative, Terminating the Automatic Stay Imposed by 11 U.S.C. § 362(a) Pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) (the "Motion"), and respectfully represents to the Court as follows:

### SUMMARY

1. Lawrence Frumusa ("Frumusa") is an individual engaged in the business of owning and developing properties generally located in the Greater Rochester area. His developments are typically placed in limited liability companies or corporations primarily if not exclusively controlled and managed by him.

2. On or about April 3, 2009, Lawrence Frumusa Land Development, LLC ("Land Development" or the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Northern District of New York, Syracuse Division. On or about April 30, 2009, the Debtor's case was transferred to the Bankruptcy Court for the Western District of New York, Rochester Division (the "Court").

{31065/23176/AAV/00074912.DOC}
Case 2-09-21126-JCN Doc 281 Filed 09/17/09 Entered 09/17/09 17:39:44 Desc
    Main Document  Page 1 of 8

3. On or about July 20, 2009, the Court entered an order converting Land Development's case to Chapter 7 upon motion by the Debtor. Michael H. Arnold was appointed as the Chapter 7 trustee (the "Trustee").

4. Three other entities established by Frumusa for the purpose of developing properties are or were Chapter 11 debtors in this Court: Webster Hospitality Development, LLC (Case No. 09-20753) ("Webster"), Maincliff Properties LLC (Case No. 09-21124) ("Maincliff"), and Rising Tide Enterprise LLC (Case No. 09-21123) ("Rising Tide") (collectively, the "Debtors').

5. Frumusa was also a Chapter 11 debtor in this Court under Case No. 09-21125. That case was dismissed by the Court on June 5, 2009 as a result of Frumusa's failure to receive pre-petition debt counseling. Frumusa re-filed for Chapter 11 protection within approximately an hour of the dismissal of his first case.

6. The Chapter 11 case of Frumusa was converted to a Chapter 7 liquidation proceeding by order dated August 7, 2009. Lee E. Woodard has been appointed Chapter 7 trustee in the Frumusa case.

7. The Webster case was dismissed on June 17, 2009. A subsequent involuntary Chapter 11 case initiated by Frumusa against Webster was also dismissed.

8. Frumusa is the sole member and manager of Rising Tide, Maincliff and Development.

9. The Chapter 11 cases of Rising Tide and Maincliff were also converted to Chapter 7 liquidation proceedings upon motion of the respective debtors.

10. According to Frumusa's testimony at the Section 341 meetings for Land Development, Maincliff and Rising Tide, the management of and work on the Debtors' properties was provided by Frumusa Enterprise LLC.

## The Property:

11. Land Development owns the following asset:

- Scenic Village Phase III, Webster, New York. This property consists of vacant land which has been approved for 48 apartment units, a clubhouse and 2 acres for commercial development. It is subject to a mortgage in favor of Morgan in an amount in excess of $982,000, and outstanding taxes of over $14,000. Land Development valued the property at $435,000 in its schedules and at $400,000 in its draft Chapter 11 Plan. The property has been recently appraised as having a value of approximately $570,000.

## Morgan's Claims:

12. On or about August 2, 2007, the Debtor executed and delivered to New York Income Partners II, LLC a certain promissory note in the amount of $908,000 ("Note 1"). A copy of Note 1 is annexed hereto as Exhibit "A".

13. As security for the payment of Note 1, the Debtor, on or about August 2, 2007, duly executed and delivered to New York Income Partners II, LLC a Mortgage in the sum of $908,000 ("Mortgage 1"), mortgaging Phase III Scenic Village Apartment Complex, Kittelberger Road, Webster, County of Monroe and State of New York, as more particularly described in Mortgage 1 ("Phase III"). A copy of Mortgage 1 is annexed hereto as Exhibit "B".

14. Mortgage 1 was duly recorded in the Monroe County Clerk's Office on August 9, 2007 in Book 21368 of Mortgages at Page 0332, at which time the required mortgage tax was paid or caused to be paid.

15. Mortgage 1 and Note 1 were assigned to Morgan pursuant to an Assignment of Mortgage dated October 6 2008. Copy of the Assignment is annexed hereto as Exhibit "C".

16. The Debtor has failed to comply with certain terms, conditions and obligations of Note 1 and Mortgage 1 (hereinafter collectively the "Loan Documents"), by failing to make the monthly payments due post-petition payments for the months of April through September 2009.

17. As of the date of this Motion, the Debtor's post-petition defaults total approximately $42,335 in addition to late fees and continuing charges. In addition, the Debtor is

indebted to Morgan for all of its costs and expenses in enforcing the Loan Documents, including without limitation, attorneys' fees and legal expenses.

18. As outlined above the Debtor is also in default of the Loan Documents for failure to pay the real property taxes with respect to the Premises.

**Termination of the Automatic Stay:**

19. Section 362(d)(1) of the Bankruptcy Code provides that the automatic stay imposed by Section 362(a) may be terminated "for cause, including the lack of adequate protection". See 11 U.S.C. § 362(d)(1) (West 2006).

20. The Debtors' failure to make post-petition payments constitutes "cause" to terminate the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code.

21. It is well established that a creditor can meet its initial burden on the issue of "cause" on a motion to lift the automatic stay pursuant to Section 362(d)(1) by introducing evidence of the Debtor's failure to make post-petition payments on a secured debt. *In re Hinchcliffe*, 164 B.R. 45 (Bankr. E.D.Pa. 1994). Section 362(d)(1) requires an initial showing of "cause" by the moving party, while Section 362(g) places the burden of proof squarely on the debtor for all issues other than "the debtor's equity in property". *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285 (2nd Cir. 1990). Following the movant's satisfying its initial burden with respect to "cause", the debtor is then required to establish that the creditor is adequately protected. If the debtor cannot meet this burden the court should grant the creditor's Section 362(d)(1) motion. *In re Hinchcliffe,* 164 B.R. 45; *see also In re Independent Management Association, Inc.*, 108 B.R. 456 (Bankr. D. N.J. 1989) ("it is a long standing rule that another prong of the 'for cause' rule in §362(d)(1) arises from the failure to make payments on property post-petition.").

22. Phase III is subject to a mortgage in favor of Morgan in an amount in excess of $982,000, and outstanding taxes of over $14,000. Land Development valued the property at

$435,000 in its schedules and at $400,000 in its draft Chapter 11 Plan. The property has been recently appraised as having a value of approximately $570,000.

23. Monroe submits that the requirements of Section 362(d)(2) have been met allowing for relief from the automatic stay imposed by Section 362(a):

    a. The Debtor has no equity in the Premises; and

    b. The Premises are not necessary for a reorganization of the Debtor as indicated by the Debtor's' conversion to a Chapter 7 case. *See* 11 U.S.C. § 362(d)(2) (West 2009).

24. Monroe requests that the automatic stay be terminated pursuant to Sections 362(d)(1) and (d)(2) of the Bankruptcy Code so as to permit Morgan to exercise all of its rights and remedies under the Loan Documents, including but not limited to (i) commencing or continuing foreclosure or other state court proceedings with respect to the Phase III and proceeding to establish any deficiency due from the Debtor for purposes of filing a claim in this case, without further application to or order of the Court; and (ii) recovery of any collateral subject to the terms of the Loan Documents and applicable law.

25. A copy of the proposed order terminating the automatic stay is annexed hereto as Exhibit "D."

**Sale of Phase III:**

26. Monroe (on behalf of an entity formed or to be formed) has offered to purchase Phase III pursuant to the terms of a purchase offer (the "Purchase Offer"). Pursuant to the terms of the Purchase Offer, Monroe will pay $20,000 by cash or wire transfer, to acquire Phase III free and clear of all liens and encumbrances with the specific exceptions of (i) real estate tax claims, and (ii) the mortgage and or judgment lien held by Morgan. In addition, Monroe will obtain a partial satisfaction of the Morgan judgment reducing the judgment by $500,000. A copy of the Purchase Offer is annexed hereto as Exhibit "E".

27. Additionally, Monroe will obtain the consent of Morgan to waive the right to participate in any distribution arising from the $20,000 paid for Phase III, if the Purchase Offer is accepted and consummated.

## The Requirements of Section 363(f) for a Sale Free and Clear:

28. The sale of the Debtor's assets should be free and clear of any and all liens, claims, encumbrances, and interests in accordance with § 363(f) of the Bankruptcy Code, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale. Under § 363(f) of the Bankruptcy Code, a debtor in possession may sell property of the estate free and clear of all interests (including liens, claims and encumbrances) if:

> (a) applicable non-bankruptcy law permits the sale of such property free and clear of such interest,
>
> (b) the entity with the interest consents,
>
> (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property,
>
> (d) such interest is in bona fide dispute, or
>
> (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest.

See 11 U.S.C. § 363(f); see also Precision Indus. v. Qualitech Steel SBQ, LLC, 327 F.3d 537, 545 (7th Cir. 2003). Section 363(f) is drafted in the disjunctive. Satisfaction of any one of the factors set forth in section 363(f) allows a sale, including the dispositions contemplated herein, and transfer assets of the estate free and clear.

29. With respect to any party asserting a lien, claim, or encumbrance against the assets, Monroe believes that the Trustee will be able to satisfy one or more of the conditions set forth in § 363(f). In particular, Monroe believes that any lienholder will be adequately protected by having their interest, if any, attach to all proceeds ultimately attributable to the purchased assets in which such creditor alleges an interest, in the same order of priority and with the same

validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses the Trustee may have with respect thereto.

30. Monroe also believes that 363(f)(1) and (3) are satisfied in that the property could be sold free of the liens under applicable New York law, and the price at which the property is to be sold exceeds the value of the liens.

**Monroe Should be Entitled to the Protections Afforded to Good Faith Purchasers:**

31. Section 363(m) of the Bankruptcy Code protects a good-faith purchaser's interest in property purchased from the debtor notwithstanding that the sale conducted under § 363(b) is later reversed or modified on appeal. Specifically, § 363(m) states that:

> The reversal or modification on appeal of an authorization under [section 363(b)] . . . does not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal.

11 U.S.C. § 363(m). Section 363(m) "fosters the 'policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely.'" *In re Chateaugay Corp.*, 1993 U.S. Dist. Lexis 6130, at *9 (S.D.N.Y. 1993) (quoting *In re Abbotts Dairies of Penn, Inc.*, 788 F.2d 143 and 147); *see also Allstate Ins. Co. v. Hughes,* 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew the pendency of the appeal."); *In re Stein & Day, Inc.,* 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("pursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

32. The sale will be the product of arm's-length, good-faith negotiations through which the Trustee will seek to maximize the value available for the Debtor's assets. Monroe intends to request at a sale hearing a finding that it is a good-faith purchaser entitled to the

{31065/23176/AAV/00074912.DOC}　　　　　　　　7
Case 2-09-21126-JCN    Doc 281    Filed 09/17/09    Entered 09/17/09 17:39:44    Desc
　　　　　　Main Document    Page 7 of 8

protections of § 363(m) of the Bankruptcy Code. Monroe believes that providing the successful bidder with such protection will ensure that the maximum price will be received by the Trustee for the Debtor's assets and allow for a prompt closing of the sale.

33. Monroe believes it is in the best interests of the estate and its creditors for the Purchase Offer to be accepted. A proposed sale order is annexed hereto as Exhibit "F".

WHEREFORE, Monroe respectfully requests that the Court enter an order either approving the Purchase Offer for the sale of Phase III, or, in the alternative, terminating the automatic stay to permit Morgan to proceed to enforce all of its rights and remedies under the Loan Documents and applicable law against Phase III, and granting such other and further relief which to the Court may seem just and proper.

Dated: September 17, 2009
Syracuse, New York

**MENTER, RUDIN & TRIVELPIECE, P.C.**
*Attorneys for Monroe Capital, Inc.*

By: /s/Jeffrey A. Dove
Jeffrey A. Dove, Esq. (Bar Roll No. 101532)
James C. Thoman, Esq. (Bar Roll No. 511771)
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone: (315) 474-7541
Facsimile: (315) 474-4040