UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
In re

Lawrence Frumusa Land Development, LLC,   Case No. 09-21126
                                          Chapter 7
              Debtor(s).

## TRUSTEE'S LIMITED OBJECTION TO APPLICATION
## FOR COMPENSATION FOR CHARLES A. MOSTER

Michael H. Arnold, being duly sworn, hereby affirms as follows:

      1. I am the Chapter 7 Trustee duly appointed in the above Bankruptcy proceeding. As such, I am personally familiar with the facts and circumstances herein.

      2. This affidavit is submitted as the Trustee's limited objection to the application for compensation sought by Charles A. Moster.

      3. On April 3, 2007, the above named debtor filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

      4. By Order dated July 20, 2009, the Court granted to the debtor's motion to convert the matter to a Chapter 7 proceeding. I was thereafter appointed to serve as Chapter 7 Trustee.

      5. Immediately upon my appointment, I called debtor's counsel and requested the turnover of all financial records of the debtor.

      6. Despite assurances from counsel that the debtor's principal, Lawrence Frumusa, would cooperate with me, I received absolutely nothing from him.

      7. A detailed review of my records reveals that, between July 23, 2009 and July 27, 2009, I received a total of five (5) substantive e-mails from Mr. Moster and two (2) from his colleague, Melanie Cogburn. None of those e-mails was more than ten (10) lines long.

8. Most of the content of those e-mails involved Mr. Moster assuring me that Mr. Frumusa was acting in a manner contrary to the advice of counsel.

9. In addition to the e-mails, I engaged in approximately four (4) brief telephone conversations with Mr. Moster and/or Melanie Cogburn.

10. On July 27, 2009, Mr. Moster advised me that he was moving to withdraw as counsel. I have had no substantive contact with him since that date.

11. Contrary to the statements contained in paragraphs 32 through 34 of Mr. Moster's application, nothing that Mr. Moster may have done actually assisted the trustee in any manner in carrying out his duties.

12. Moreover, the contact between the trustee and Mr. Moster was so nominal and inconsequential to the administration of the estate, that the trustee can not justify authorizing any additional compensation to Mr. Moster for any time allegedly expended in that regard.

13. I have also reviewed the timesheets submitted by Mr. Moster for the period July 21, 2009 through July 31, 2009. The majority of the time listed involves Mr. Moster's efforts to withdraw as counsel.

14. It is the trustee's position that none of the time allegedly expended after July 20, 2009 provided any meaningful assistance to the trustee or benefitted the estate in any manner.

WHEREFORE, the Trustee respectfully objects to the that part of the application seeking compensation for any services allegedly rendered after July 20, 2009.

Dated: October 14, 2009

/s/_____
Michael H. Arnold
Chapter 7 Trustee
27 Pleasant Street
Fairport, NY 14450
585-425-1060