UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    **Lawrence Frumusa Land Development LLC,**    Case : 09-21126-JCN

    Debtor    Chapter 11

## OBJECTION TO APPLICATION OF MOSTER WYNNE RESSLER
## FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
## OF EXPENSES AS ATTORNEYS FOR DEBTOR

Lawrence Frumusa Land Development, LLC (Case:09-21126), Rising Tide Enterprise LLC (Case:09-21123), Main Cliff Properties LLC (Case:09-21124), (the "Corporate Debtors") respectfully submits this objection as stated above, with supporting facts as follows:

1. The above identified Debtors Objects to the payment of Debtors attorney.
2. On July 29, 2009 the Debtors terminated representation by Moster Wynne, for **Cause**. See attached.
3. Debtors demand no payments made until all issues can be resolved.

### Actions Requested From the Court.

4. Honorable Judge Ninfo deny application for payment until Debtor resolves all issues..

*Signature page to follow:*

U.S. BANKRUPTCY COURT
W.D.N.Y. - ROCHESTER
2009 OCT 13 PM 4: 13

**DATED:** October 13, 2009     Respectfully submitted and sworn to by Lawrence Frumusa Land Development LLC, as *Pro-Se representation.*

Lawrence Frumusa Land Development LLC

_____

By: Lawrence Frumusa Sole Managing Member for Debtor Pro-se


STATE OF NEW YORK)
COUNTY OF MONROE) SS:

On the __13__ day of October in the year 2009, before me, the undersigned, personally appeared Lawrence Frumusa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his / her/their capacity(ies), in his(her/their) capacity and that by his(her/their) sign on the instrument, the individual(s), or the person / entity upon behalf of which the individual acted, the instrument.

JODEE IAGANELLO
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN MONROE COUNTY
MY COMM. EXP. [illegible]

_____
Notary

In Re:

Lawrence Frumusa Land Development LLC

SSN/TaxID: 20-3712717

Case No.: 2-09-21126-JCN
Chapter: 7

Debtor(s)

PLEASE TAKE NOTICE that an Application for an Order to pay the following administrative expenses has been submitted by Moster Wynne Ressler, P.C., As Attorneys for the Debtor

| | |
|---|---|
| **Date or Period of Services:** | May 21, 2009 – August 10, 2009 |
| **Amount of Compensation:** | 111,754.50 |
| **Amount of Retainer:** | None |
| **Amount of Reimbursement:** | 4,579.40 |
| **Total of Previous Awards:** | None |

If objecting to the above referenced fees, please indicate your intention by selecting one of the following:

[ ] OBJECTION: No hearing requested–The Court will take the objection into consideration in making its decision.

[ ] OBJECTION: Hearing requested—To present oral argument.

[X] OBJECTION: Hearing requested to:
  [ ] Present testimony under oath.
  [X] Oral argument and testimony.

You are advised that if you desire to oppose the Application, **you must complete this form, sign it, and also file a sworn written objection with the Court, U.S. Trustee and applicant by October 14, 2009.**

If a written objection is filed, the objecting party and the applicant will be notified by the Court of the date for which a formal hearing is scheduled. Failure to file a sworn written objection will result in your papers not being processed.

You are further advised that whether or not opposition to the Applicant is entered, the Court will assess the Application and allow only such amounts as it deems reasonable.

_Larry Frumusa_
Name of objecting party

_1660 Lake Rd_
Address

_Wel NY 14580_

Dated: September 21, 2009

Paul R. Warren
Clerk, U.S. Bankruptcy Court

**Form feentcR**
Doc 289

| From: | Larry Frumusa |
|---|---|
| To: | "lfrumusa@rochester.rr.com"; "Charles A. Moster"; "Richard J. Ressler" |
| Bcc: | "Devin Hollands" |
| Subject: | Termination of Relationship |
| Date: | Wednesday, July 29, 2009 5:24:00 PM |

Charles,

So I guess that is how the story was written. --- it is sad, oh well back to business.

I have asked several times that you assist me in reversing the unauthorized motion you filed on July 20, 2009 converting my cases to Chapter 7. Instead of helping you have hampered me and discredited me in my intentions.

Further, you will not answer the question below, which are more than fair for a client to ask of their attorney. The conversion to Chapter 7 is a illegal seizure of my property, further this week the perpetrators will steal $104,000 in cash from the project. The action of conversion has severely negativity impact me, and you still refuse to help your client.

Therefor as a result of these actions I must terminate you and MosterWynne for cause immediately and as a result of your actions refuse any further payments for arrears or unbilled services, regardless of who you have made arrangements with.

I feel that the arrangements and discussion on your fees without my knowledge, have led to your behavior and my significant losses over the last two weeks.

Please do not file anything further and also return all original documents I provided.

Regards,
Larry Frumusa


**From:** Larry Frumusa [mailto:lfrumusa@rochester.rr.com]
**Sent:** Wednesday, July 29, 2009 1:26 PM
**To:** 'Charles A. Moster'; 'Richard J. Ressler'
**Subject:** FW: Conversions

Charles,
Please answer these in this form, A yes or no to each would do.

Larry


**From:** Larry Frumusa [mailto:lfrumusa@rochester.rr.com]
**Sent:** Wednesday, July 29, 2009 10:03 AM
**To:** 'Charles A. Moster'; 'Richard J. Ressler'
**Subject:** RE: Conversions

Charles,

I have a couple very important questions that I would like answered as soon as possible.

Do Debtor's attorney fees get paid as a priority in a Chapter 7?

What priority do Debtor's attorney fees get paid in a Chapter 7?

Have you or anyone at MosterWynne had any conversations with the Chapter 7 Trustee regarding attorney Fees?

Have you or anyone at MosterWynne had any conversations with anyone (other than MosterWynne personnel ) other than myself regarding attorney Fees?

Sorry to ask but they will clear the air for me.

Larry

---

**From:** Larry Frumusa [mailto:lfrumusa@rochester.rr.com]
**Sent:** Wednesday, July 29, 2009 9:14 AM
**To:** lfrumusa@rochester.rr.com; 'Charles A. Moster'; 'Richard J. Ressler'
**Subject:** RE: Conversions

Charles,
Why are you doing this, why did you file the update. I have told you that we are destroying the Chapter 11 hopes and need to recover the property ASAP. I need you to support the immediate conversion back to 11. I have an amended motion but they would not let me file because of a clerical error.

Please call ASAP. This is very upsetting.

Larry

---

**From:** Larry Frumusa [mailto:lfrumusa@rochester.rr.com]
**Sent:** Wednesday, July 29, 2009 7:46 AM
**To:** 'Charles A. Moster'; 'Richard J. Ressler'
**Subject:** FW: Conversions

Charles and Rick,

See below and attached, I am now convinced that what has happened is an illegal seizure of my property and now they are collecting $100,000 in cash rents.

First off the Debtor does not have the absolute right to convert, second there must be notice and

hearing, finally there is an absolute likelihood that the plan will be confirmed so this should not convert. It just makes sense.

Charles, you may have made a mistake but the real crime was committed when Ninfo signed the order approving the conversion within 97 minutes of filing the motion. Frankly, I am convinced that someone must be receiving something, because no one act this purposeful without some self gain. I could also see this written all over the Trustees face Saturday when I met with him.

I am requesting that you immediately file a notice to the court that the conversion is wrong and Debtor demands his property back, further the Debtor reserves his rights to pursue action.

Larry


The bankruptcy court granted the debtors' conversion motion, ruling that section 1112(a) gives a chapter 11 debtor the absolute right to convert to chapter 7 and, as a consequence, the factors set forth in section 1112(b) governing "cause" for dismissal do not figure into the calculus. The bank appealed the ruling to the district court.
Noting that the issue of whether a debtor has an absolute right to convert from chapter 11 to chapter 7 is a matter of first impression in the Sixth Circuit, the district court reversed. The court cited to *Adler* and authority construing a nearly identical provision in chapter 13 in concluding that Congress' omission of any language in section 1112(a) directing a court to convert a case upon the debtor's request means that there is no absolute right to convert. It ruled that the bankruptcy court erroneously held to the contrary, and should have considered the bank's motion to dismiss the debtors' chapter 11 case according to the criteria set forth in section 1112(b). The district court accordingly reversed the ruling below and remanded the case to the bankruptcy court to determine whether dismissal or conversion was in the best interests of the estate and creditors.

or the following:

"Even upon a showing of "cause" to convert or dismiss, the debtor or any other party opposing the request can defeat it by demonstrating that (i) there is a reasonable likelihood that a chapter 11 plan will be timely confirmed,"

**From:** Devin Hollands [mailto:devinhollands@gmail.com]
**Sent:** Tuesday, July 28, 2009 11:18 PM
**To:** lfrumusa@rochester.rr.com
**Subject:** Re: Conversions

The debtor has the right to convert.. if someone Else wants to convert you have to have the hearing....

these 2 points are interesting:


In addition, the court explained, because

procedural rules require advance notice to creditors of a motion to convert, rather than the mere

filing of a notice of conversion by the debtor, the bankruptcy court must retain some discretion to

rule on the propriety of a conversion motion under section 1112(a).

Unsecured can OBJECT to the conversion:

the

objecting party-in-interest can simply move to reconvert the case to chapter 11

On Tue, Jul 28, 2009 at 9:08 PM, Larry Frumusa <lfrumusa@rochester.rr.com> wrote:

Charles,

See attached, I really don't know how we able to convert my cases without notice or hearing. Did Ninfo come to the same conclusion independently, or did you mentioned to him. This is very frustrating, frankly this is and illegal seizure of my property. Unbelievable

*Larry Frumusa*

*Frumusa Enterprise LLC.*

*1660 Lake Road,*

*Webster, New York 14580*

*email: lfrumusa@rochester.rr.com*

*585-872-9000*

*585-872-7687 (fax)*

*585-943-9999 (cell)*

--