UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

Lawrence Frumusa Land Development, LLC,

Debtor(s).

Case No. 09-21126
Chapter 7

## OBJECTION TO APPLICATION OF MOSTER WYNNE RESSLER FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT

Lee E. Woodard, by and through his attorneys, Harris Beach PLLC, as and for his statement in limited opposition to the application of Moster Wynne Ressler ("Moster") for allowance of compensation and reimbursement of expenses as attorneys for the Debtor, respectfully represents as follows:

1.    Lee E. Woodard is the Chapter 7 Trustee duly appointed in the case of In re: Lawrence Frumusa bearing Case No. 09-21527.

2.    Upon information and belief, the Estate of Lawrence Frumusa is the sole member of this Debtor, as well as Rising Tide LLC and Maincliff LLC which are also debtors in this Court as Case Nos. 09-21123 and 09-21123 respectively.

3.    Mr. Woodard adopts and supports the objections raised by Mr. Arnold, on behalf of the Debtor's Estate, Monroe Capital's objections as articulated in the objection filed on October 13, 2009 and the comments filed by the United States Trustee filed on October 14, 2009.

4.    Several of the time entries attached to the application for approval of attorney's fees and expenses appear to be work performed by the applicant on behalf of other debtors (Rising Tide and Maincliff).

5. For instance, on June 3, 2009 there is a time entry for 7.7 hours for "draft amended petition, schedules, SOFA for all three entities; . . .".

6. Additionally, on June 10, 2009 there is a time entry for 3.6 hours for "mail petitions and SOFA per certificate of service for FLD, Rising Tide and Maincliff; review and finalize third party affidavit for retainer payments for FLD, Rising Tide and Maincliff; file same."

7. Furthermore, there are multiple entries which do not particularize the work performed, or if said work was performed for this Debtor.

8. To the extent that there are three separate and distinct Estates being administered by Mr. Arnold, the work performed by the applicant, and the resulting time entries, should be attributed to the appropriate Estate for which the work was done.

9. It appears at this time that there will be varying amounts of money to distribute in each of the three cases being administered by Mr. Arnold.

10. Consequently, fees should be attributed to the appropriate Estate.

11. The Trustee also has concerns regarding the retainer amounts paid to the applicant in the bankruptcy cases of Lawrence Frumusa Land Development, LLC, Rising Tide and Maincliff.

12. First, all of the retainer money appears to have been paid to the applicant subsequent to the filing of the petition. Thus, all of the retainer money should still be in a trust account with the applicant.

13. The affidavits filed in this matter indicate that the applicant received $54,134.61 from Frumusa Enterprise LLC as a retainer in this case[1].

---

[1] An affidavit in the Rising Tide case also indicates a retainer to the applicant in the amount of $5,000.00 from Frumusa Enterprise LLC

14.     Nevertheless, footnote 1 of the application for fees indicates that $44,984.25 were applied to this matter and paid to the applicant from a non-debtor source.

15.     There does not appear to be any explanation for the difference of $9,150.36 between the retainer paid as set forth in the previously filed affidavits and the amount noted in the instant application.

16.     Additionally, your deponent is unable to discern from the application if the amount of $44,984.25 is still being held in trust, or if the money has already been utilized by the applicant.

17.     The aforementioned questions should be set forth in the application for payment.

18.     Next, Lee E. Woodard, as Trustee of Mr. Frumusa's individual Estate, appears to be at least a 52% member of Frumusa Enterprises, LLC, and at most, a 100% owner of Frumusa Enterprises, LLC. [2]

19.     It appears that the substantial majority, if not all, of the retainer paid to the applicant was paid from Frumusa Enterprise, LLC.

20.     Mr. Woodard is unaware, at this time, of any benefit that Frumusa Enterprise, LLC may have derived from its payment of $55,134.61 to the applicant for a retainer in this bankruptcy case.

21.     Moreover, Mr. Woodard is unable, at this time, to determine the source of the funds used by Frumusa Enterprises, LLC to pay the retainers to the applicant in this bankruptcy case.

---

[2] To the extent that neither the Debtor nor Lawrence Frumusa have been able/willing to provide the Trustee with any documentation regarding actual ownership interest in Frumusa Enterprises, LLC, the Trustee is unable to assert definitively his interest in said entity.

22.     To the extent that it is possible that the Trustee in Frumusa's Estate may have a reasonable basis to set aside the transfer of money from Frumusa Enterprises, LLC to the applicant, it is respectfully submitted that the Court should award any fees it deems appropriate, but not authorize payment from the retainer money provided by Frumusa Enterprises, LLC.

23.     Additionally, any fees awarded should not be paid until such time as the Trustee in this matter can determine the extent of all administrative claims in this case.

WHEREFORE, your deponent requests entry of an Order requiring the applicant to delineate services rendered to each particular Estate, denying the application to the extent that it seeks to surcharge collateral under 11 U.S.C. § 506(c), denying that part of the application seeking compensation for any services rendered after July 20, 2009, determining the retainer be held and not applied as attorney's fees until further order of this court, and for such and other relief as the Court may deem just and proper.

Dated:  October 14, 2009
            Syracuse, New York

HARRIS BEACH PLLC

David Capriotti, Esq.
Attorneys for Lee E. Woodard, Trustee
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
(315) 423-7100